UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BRANDON L. DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:21-CV-20-DCP |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF REMAND UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g)**

Before the Court are Defendant's Unopposed Motion to Remand to Social Security Administration [Doc. 27], as well as Plaintiff's Motion for Judgment on the Pleadings [Doc. 20]. For the reasons stated herein, Defendant's Unopposed Motion to Remand to Social Security Administration [**Doc. 27**] will be **GRANTED**, and Plaintiff's Motion for Judgment on the Pleadings [**Doc. 20**] will be **DENIED AS MOOT**.

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of Defendant's motion to remand this action, this Court now, upon substantive review, hereby enters a judgment under sentence four of 42 U.S.C. § 405(g), reversing the Commissioner's decision with a remand of the cause to the Commissioner according to the

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

following terms.  *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991).

Upon receipt of the Court's remand order, the Appeals Council of the Social Security Administration **SHALL REMAND** the case and instruct the Administrative Law Judge to: (1) evaluate the severity of all of Plaintiff's potential mental impairments and evaluate co-occurring mental disorders pursuant to Social Security Ruling 13-2p; (2) further consider Plaintiff's residual functional capacity in the absence of drug and alcohol abuse in conjunction with his continued significant treatment and mental impairments; (3) offer Plaintiff the opportunity for a hearing, take further action to complete the administrative record resolving the above issues, and issue a new decision.

Accordingly, Defendant's Unopposed Motion to Remand to Social Security Administration [**Doc. 27**] is hereby **GRANTED**, and Plaintiff's Motion for Judgment on the Pleadings [**Doc. 20**] is hereby **DENIED AS MOOT**.  A separate judgment will enter.

**IT IS SO ORDERED.**

          **ENTER**:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge